UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EVERARDO OLAIS ROCHA,

    Defendant.

Case No. 11-159-RAJ-3

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant Everardo Olais Rocha's Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(2). Dkt. # 543. For the reasons that follow, the Court **DENIES** Rocha's motion.

## II. BACKGROUND

Rocha pleaded guilty to one count of Conspiracy to Distribute Controlled Substances and one count of Conspiracy to Engage in Money Laundering. Dkt. # 423. At his sentencing hearing, the Court found that his sentencing range under the 2011 edition of the United States Sentencing Guidelines ("USSG") was as follows: Base Offense Level 38, Total Offense Level 48, and Criminal History Category I. Dkt. # 495. Because 43 is the highest offense level in the sentencing table at USSG Ch. 5 Pt. A, the Court found that Rocha's total offense level should be treated as 43 under the Guidelines. *Id.* (citing USSG Ch. 5 Pt. A, comment n.2). Based on these calculations, the Court found that his sentencing range was Life. *Id.* The Court sentenced Rocha to serve a

ORDER – 1

period 168 months' imprisonment followed by five years of supervised release. *Id.* Rocha now moves to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2). Dkt. # 543. Rocha contends that he is entitled to sentence reduction based on Amendment 782 to the USSG. The Government opposes his motion. Dkt. # 548.

## III. DISCUSSION

Amendment 782, which took effect on November 1, 2014, decreased the penalties for certain drug offenses by subtracting two levels from many of the base offense levels set forth in the Drug Quantity Table at USSG § 2D1.1, and by adjusting other aspects of the Guidelines. *United States v. Zapata*, No. CR07-0343-JLR, 2016 WL 7336159, at *1 (W.D. Wash. Feb. 8, 2016). In adopting Amendment 782, the Sentencing Commission also adopted Amendment 788, which provides that Amendment 782 applies retroactively. *Id.* The issue before the Court is whether 18 U.S.C. § 3582(c)(2) authorizes the Court to reduce Rocha's sentence based on Amendment 782.

For a defendant to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions are necessary: "(1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements." *Zapata*, No. CR07-0343-JLR, 2016 WL 7336159, at *1 (citing *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam)). The Court lacks jurisdiction to reduce a defendant's sentence if either of these conditions are not met. *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009). The Guidelines reinforce this restriction by specifying that the Court is precluded from reducing a sentence where a retroactive amendment does not lower the defendant's sentencing range. USSG § 1B1.10(a)(2)(B).

Here, Amendment 782 does not lower Rocha's sentencing range. Although Amendment 782 decreased his base offense level from 38 to 36, this only has the effect of decreasing his total offense level from 48 to 46. A total offense level of 46 results in a

ORDER – 2

sentencing range of Life. USSG Ch. 5 Pt. A, comment n.2. Because this is the same range that the Court applied in sentencing Rocha, Amendment 782 does not have the effect of lowering his sentencing range and he is ineligible for a sentencing reduction. *Wesson*, 583 F.3d at 730; USSG § 1B1.10(a)(2)(B).

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Rocha's Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(2). Dkt. # 543.

DATED this 7th day of June, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3